27 C.C.P.A. (Patents)

## In re FORSTROM.

### Patent Appeal No. 4291.

Court of Customs and Patent Appeals.

April 29, 1940.

Harry E. Dunham, of Schenectady, N. Y. (F. Gerald Toye, of Washington, D. C., and Ralph Hammar, of Schenectady, N. Y., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, for lack of patentability over the cited prior art, claims 4 and 10 to 14, inclusive, of appellant's application for a patent. Claims 12 and 13 were also rejected as being drawn to aggregations.

After appellant's appeal from the decision of the examiner was taken, appellant proposed an amendment by adding a new claim, number 15, which, so far as the record discloses, was never entered. This claim is referred to by the board as a "proposed claim" and the board expressed the opinion that it, too, was drawn to an aggregation. However, in view of the action of the board, we will consider claim 15 upon its merits, its assumed rejection being included in the reasons of appeal, together with the other claims before us.

Upon the oral hearing before us appellant moved to dismiss the appeal as to claims 10 and 11, and this motion will be granted.

Claims 4 and 12 are illustrative of the subject matter involved and read as follows:

"4. A supporting structure for an article comprising a caster bracket having a flange provided with an opening for receiving a caster stem, a groove in said stem above said flange, and a split ring in said groove, said ring having a normal diameter greater than said opening and being compressible by engaging the edges of said opening during insertion and removal of said stem."

"12. A supporting structure for an article comprising a combined caster and shipping bracket secured to the article, said bracket having three vertically spaced arms, the lower two arms each having an opening therein adapted to guide the stem of a caster and the upper arm being adapted to receive the thrust from the upper end of the caster stem, and means cooperating with the caster stem for yieldably holding the caster stem in place whereby the caster stem may be inserted and removed through the lower end of the bracket without disturbing the connection between the article and the bracket, a base, and fastening means extending through the opening in the lowermost arm for clamping said arm to the base and thereby securing the article thereto, said lowermost arm being of such construction as to withstand the

clamping and shipping strains when secured to the base, the space between the lower two arms being open whereby said lowermost arm is accessible to the fastening means when the caster stem is removed."

Appellant's claimed invention is concisely described in the examiner's statement as follows:

"The invention is directed to a combined caster and shipping bracket under the title of "Supporting Structures" and specifically involves a caster bracket having three vertically spaced arms, the bracket being permanently attached to an article of some weight such as a piece of furniture or washing machine. A caster, the stem of which has a split ring seated in a groove therein to be forced through holes in the two lower arms, is thereby removably attached to the bracket with the upper end of the stem bearing against the upper arm.

"Upon removal of the caster and stem from the bracket the article may be readily fastened to the bottom of a shipping crate by merely inserting a bolt through the base and into the hole in the lowest arm. A nut can then be threaded onto the bolt above said lowest arm.

"An important feature is the open construction of the bracket whereby plenty of room is provided between the two lower arms to facilitate manipulation of the nut."

The references cited are: Smith, 317,230, May 5, 1885; Bell, 1,090,675, March 17, 1914; Cilley, 1,155,043, September 28, 1915; Herold, 1,468,293, September 18, 1923; Everly, 1,559,078, October 27, 1925; Janda, 1,869,966, August 2, 1932.

The reference Everly was applied only to claims 10 and 11, and as the appeal will be dismissed as to those claims this reference requires no consideration.

In each of the patents to Smith and Bell there is shown a caster bracket forming a supporting structure. On said bracket in each patent is a flange, provided with an opening to receive a caster stem which has a retaining means.

The patent to Janda discloses a resilient split ring which holds the caster in the bracket by frictionally gripping the side walls of the caster stem receiving opening.

While the examiner stated that Herold disclosed a split ring, such disclosure, if any, is to be implied from Figure 2 of the Herold drawings, and is not nearly so clear as the disclosure in the patent to Janda.

The reference Cilley discloses a device for temporarily fixing a chair on an auditorium floor by means of a plug inserted into the floor and a locking member, attached to the chair, inserted in said plug.

Appellant admits that his identical caster bracket, with three vertically spaced arms, is shown in the Smith patent.

Claims 4 and 14 were rejected by the examiner on Smith or Bell in view of Herold, it being his view that no invention would be involved in using the split ring disclosed (in the examiner's opinion) by Herold upon the structure disclosed by Smith. In his statement we find the following: "Claim 4 was rejected on Smith or Bell in view of Herold. In each of the patents to Smith and Bell there is shown a caster bracket forming a supporting structure. On said bracket in each patent is a flange indicated at r and 13 respectively, each flange being provided with an opening to receive a caster stem. The stem in each patent has a retaining means. There would be no invention in substituting for the stem retaining means of Smith or Bell the groove and split ring of Herold. While it is true that in Herold the split ring frictionally engages the side wall of the cylindrical socket to retain the stem, it would if used in Smith or Bell function exactly as shown by applicant."

The Board of Appeals in affirming the rejection of these claims made no mention of the patent to Herold, but relied upon the patent to Janda for the disclosure of a split ring. In its decision it is stated: "We think we fully appreciate the practical advance which appellant has made. We believe, however, that it is clear that there would be no invention in substituting the split ring of Janda for the pin of Smith and it is our opinion that if the lower guide r of Smith were strong enough to hold the castor, it would have sufficient strength to hold the camera stand in a packing case if the castor were removed and a bolt placed through the opening. We believe, therefore, that none of the appealed claims, except claims 12 and 13, distinguishes over the castor holder of Smith in view of the prior art."

We are of the opinion that, so far as claims 4 and 14 are concerned, the structure disclosed by Smith would function in the same manner as that disclosed by appellant if the split ring of Janda were substituted for the retaining means shown by Smith.

Therefore, the only question upon this branch of the case is whether it would be obvious to one skilled in the art to make such substitution.

The Smith patent was issued in 1885; the patent to Janda was issued in 1932. In view of the disclosure of Janda, we think it would be obvious to one skilled in the art to employ the split ring of Janda instead of the pin retaining means disclosed by Smith. We are therefore of the opinion that claims 4 and 14 were properly rejected for the reasons given by the Board of Appeals.

This leaves for consideration claims 12, 13 and 15. In addition to holding that these claims are drawn to aggregations, the Board of Appeals in its decision stated: "Entirely aside from the construction which is to be given to the claims, we are of the opinion that appellant's contribution cannot be regarded as involving the exercise of invention. There can be no question but that it is customary to attach fastening means to available portions of structures which are to be shipped in order to secure these structures to the shipping support. It is our view that any one desiring to ship the camera stand of Smith, could, without requiring the services of an inventor, remove the castors and bolt the castor holders to the support."

We will first consider the rejection upon the ground of aggregation. The ground of this holding was that the caster and base fastening means are not employed at the same time.

Appellant contends that the claims are not aggregative. In his brief it is stated: "Appellant's idea of using the caster brackets to secure the article to the base of the shipping crate and to support the article during normal use is new. It achieves a unitary result, the support of the article during shipping and during normal use, and therefore is not an aggregation."

We cannot agree with appellant that the elements of the said claims achieve a unitary result; the use of appellant's bracket with a base, a bolt, and nut for shipping the article to which the bracket is attached is not unitary with the use of the bracket with a caster attached thereto. The purposes achieved are wholly different and have no relation to each other. Instead of one unitary result in the use of appellant's device there are two results: 1, safety in shipping the article to which the bracket is attached; and, 2, ease of movement of the article in its normal use. When used for the last purpose, some of the parts used to accomplish the first purpose are absent, viz., the bolt and nut for clamping the bracket to the base.

A somewhat analogous situation was presented in the case of In re Dougherty, 79 F. 2d 920, 23 C.C.P.A., Patents, 714, in which an alleged combination was claimed between a plurality of interchangeable gas burners. When one particular gas burner was used, another burner claimed as a part of the combination was not used. We there held that the claims calling for interchangeability of burners were properly rejected upon the ground of aggregation.

With respect to the holding of the Board of Appeals that, irrespective of the question of aggregation, claims 12, 13, and 15 lack patentability for the reasons hereinbefore quoted from the board's decision, we are in agreement with such holding.

Appellant's brief contains the following: "In the present case, appellant's identical caster bracket with three vertically spaced arms is shown in Smith, a fifty-year old patent. All that was needed to obtain appellant's shipping construction was his new idea or concept of bolting the lowermost arm of the Smith caster bracket to the base of the shipping crate. Fifty years is a long time to wait for the art to appreciate the possibility of using the Smith bracket as a shipping support. * * *"

The examiner called attention to the following statement in appellant's specification: " * * * When caster brackets have been previously used for shipping brackets, it has been customary to secure shipping pins of the same dimension as the caster stem to the base of the crate and to rest the article to be shipped on these pins, the pins fitting in the caster brackets. With this arrangement, some other means was necessary to prevent lifting of the article from the shipping pins. * * *"

Assuming, as we must, that the last above quotation correctly states the prior practice, it is obvious that anyone skilled in the art, using the Smith bracket, would at once perceive that all that would be necessary to prevent lifting the article from the shipping pins would be to place a thread on the end of the pin and screw a nut thereon, which the structure of the Smith bracket would permit.

Furthermore, without regard to the quoted recital from appellant's application, we are in agreement with the view of the board that anyone desiring to ship the cam-

era stand disclosed by Smith could, without the exercise of the inventive faculty, remove the casters from his brackets and bolt the brackets to the crate or other container of the camera stand.

With regard to appellant's statement that for fifty years no one had appreciated the possibility of using the Smith bracket as a shipping support, we would observe that the record does not disclose that the Smith bracket was ever put into commercial use. If it was not, there would be no occasion for anyone to consider its use as a shipping support, even though such use would be obvious. Moreover, if the bracket was put into commercial use in connection with a caster, and was in fact also used as a shipping support, such use being obvious to one skilled in the art, there would probably be nothing of record in the Patent Office to show such additional use.

The appeal as to claims 10 and 11 is dismissed, and, for the reasons hereinabove stated, the decision of the Board of Appeals as to claims 4, 12, 13, 14, and 15 is affirmed.

Affirmed.

GARRETT, Presiding Judge, took no part in the consideration or decision of this case.